Rel: October 11, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2024-2025

———————————————

### SC-2024-0598

———————————————

**Ex parte Jefferson County Department of Human Resources**

**PETITION FOR WRIT OF CERTIORARI
TO THE COURT OF CIVIL APPEALS**

**(In re: B.T.**

**v.**

**Jefferson County Department of Human Resources and Legal
Aid Society of Birmingham)**

**(Jefferson Juvenile Court, Bessemer Division: JU-21-387.02;
Court of Civil Appeals: CL-2023-0944)**

SC-2024-0598

SHAW, Justice.

WRIT DENIED.  NO OPINION.

Parker, C.J., and Mendheim and Mitchell, JJ., concur.

Bryan, J., concurs specially, with opinion.

BRYAN, Justice (concurring specially).

Generally, the Court of Civil Appeals

> "'"can affirm a judgment on a basis not asserted to the trial court, and [it] can affirm a judgment if [it] disagree[s] with the reasoning of the trial court in entering the judgment, as long as the judgment itself is proper."' Verchot v. General Motors Corp., 812 So. 2d 296, 305 (Ala. 2001)(quoting Progressive Specialty Ins. Co. v. Hammonds, 551 So. 2d 333, 337 (Ala. 1989))."

M.G. v. State Dep't of Hum. Res., 44 So. 3d 1100, 1106 (Ala. Civ. App. 2010).

The Jefferson County Department of Human Resources ("DHR") argues that the Court of Civil Appeals' decision reversing the judgment of the Jefferson Juvenile Court, Bessemer Division ("the juvenile court"), is in conflict with the foregoing principle because, although the Court of Civil Appeals determined that three of the bases given in the juvenile court's judgment for terminating the parental rights of B.T. ("the father") to B.L.T. ("the child") were not supported by sufficient evidence, the Court of Civil Appeals also determined that one of the bases given by the juvenile court was supported by sufficient evidence. B.T. v. Jefferson Cnty. Dep't of Hum. Res., [Ms. CL-2023-0944, Aug. 30, 2024] ___ So. 3d ___ (Ala. Civ. App. 2024).

Apparently, after its review of the record on appeal, the Court of Civil Appeals concluded that it could not determine the extent to which the juvenile court had relied on its erroneous findings when deciding to terminate the father's parental rights. I am not inclined to adopt a rule that would require the Court of Civil Appeals to affirm a trial court's judgment in the presence of such uncertainty. Therefore, I concur in denying DHR's petition for a writ of certiorari in this case, the central premise of which would appear to require the imposition of such a rule by this Court upon the Court of Civil Appeals.

However, I draw attention to the sentiments expressed by Judge Edwards in J.M. v. Marshall County Department of Human Resources, [Ms. CL-2023-0517, Mar. 15, 2024] ____ So. 3d ____, ____ (Ala. Civ. App. 2024) (Edwards, J., concurring in the result), wherein she stated the following regarding the circumstances of that case:

> "Although I agree that considering the unsupported factual findings to be mere harmless error in the present case could potentially result in this court unintentionally substituting its judgment of the facts and circumstances of this termination-of-parental-rights action for that of the juvenile court, I am not certain that we cannot ever conclude that an erroneous factual finding in a termination-of-parental-rights judgment amounts to mere harmless error. I can conceive of possible appeals in which this court could, in fact, have a basis for concluding that a juvenile court's

4

judgment should be affirmed, despite the fact that one or more of the factual findings in that judgment are unsupported by the evidence."

In short, if the Court of Civil Appeals is confident that a juvenile court's judgment terminating parental rights is proper, it may generally affirm the juvenile court's judgment, even if the Court of Civil Appeals disagrees with the reasons given by the juvenile court. However, the Court of Civil Appeals is not obligated to affirm the juvenile court's judgment if it is not confident regarding the propriety of the juvenile court's judgment. See, e.g., J.S. v. S.B., 357 So. 3d 660, 667 (Ala. Civ. App. 2022) ("Because the juvenile court's misunderstanding of the trial testimony potentially affected its findings of fact and its ultimate judgment, we reverse the judgment and remand the cause to the juvenile court to reconsider its decision in light of this opinion." (emphasis added)). Therefore, I concur in denying DHR's petition for a writ of certiorari in this case.

As a final point and consistent with the foregoing, I note that the Court of Civil Appeals' lack of confidence in the propriety of a juvenile court's judgment terminating parental rights does not necessarily mean that parental rights have, in fact, been improperly terminated as a

5

matter of law. In this case, the Court of Civil Appeals did not hold that the juvenile court had improperly terminated the father's parental rights. Instead, the Court of Civil Appeals' decision determined that sufficient evidence had been presented to support one of the bases given by the juvenile court for terminating the father's parental rights and instructed the juvenile court to enter a new judgment that does not rely on its erroneous findings:

> "On remand, the juvenile court shall vacate the findings that the father failed to maintain consistent visitation and contact with the child and that the father failed to provide for the material needs of the child. The juvenile court shall then reconsider whether the petition to terminate the father's parental rights should be granted or denied in the absence of those findings. Upon reconsideration, the juvenile court shall then enter a new judgment reflecting its decision."

B.T., ___ So. 3d at ___.